UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 2 2 2002
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

CAR-FRESHNER CORPORATION )
203 N. Hamilton Street )
Watertown, New York 13601-0719 )
)
and )
)
JULIUS SÄMANN LTD. )
Chancery Hall )
52 Reid Street )
Hamilton HM12 Bermuda )
)
                       Plaintiffs, )
) Civil Action No.: **02-CV-1343**
        v. )
) **COMPLAINT AND JURY DEMAND**
BIG LOTS STORES, INC. )
300 Phillipi Road )
Columbus, Ohio 43228-5311 ) **TJM DEP**
)
and )
)
MIDWESTERN HOME )
PRODUCTS COMPANY, LTD. )
300 Phillipi Road )
Columbus, Ohio 43228-5311 )
)
                       Defendants. )
)

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

Plaintiffs, Car-Freshner Corporation and Julius Sämann Ltd. allege as follows:

has been and is currently conducting business in this district. Midwestern is importing, distributing, advertising and/or selling the infringing and counterfeit products at issue in this case in this judicial district. Defendant Big Lots Stores, Inc. and Defendant Midwestern shall hereafter be collectively referenced as "Defendants."

8. For 50 years, directly and/or by exclusive license from Julius Sämann Ltd., Plaintiff Car-Freshner and its predecessors have manufactured and marketed a tree shaped air freshener and have extensively used the Tree Design as a mark and corporate identifier. As a result of this long and extensive usage and as a result of an excellent product, the tree shape for an air freshener is a well known and well received trademark. These trademarks are federally registered and the registrations and marks are owned by Julius Sämann, Ltd., a corporation of Bermuda. These registrations are valid, subsisting and incontestable (See, U.S. Registration Nos. 719,498, 1,781,016 and 1,791,233 copies of which are attached as Exhibits A, B and C hereto).

9. Car-Freshner is the exclusive United States licensee of numerous trademarks belonging to Julius Sämann Ltd. including those that are the subject of the registrations noted above, copies of which are attached hereto as Exhibit A-C.

10. Plaintiffs recently learned that Defendants are importing from China, and distributing, advertising and selling air fresheners with prominent tree designs. The tree design being used by Defendants is identical to and/or virtually indistinguishable from Car-Freshner's registered and incontestable Tree Design Marks.

11. Since long prior to Defendants' first use of its tree design, Plaintiffs have extensively used their Tree Design Marks to indicate the source of their product. Plaintiffs' Tree Design Marks are inherently distinctive and have been promoted and products bearing the design have sold extensively in the U.S. such that the Tree Design Marks have long since come to

herein.

34. Defendant have intentionally and knowingly imported, distributed and sold and continue to import, distribute and sell their imitation tree shaped air freshener which Defendants know is a counterfeit of Plaintiffs' registered and incontestable Tree Design marks as defined in 15 U.S.C. § 1116(d)(1)(B).

35. During the period in which Defendants are engaging in the acts complained of, Plaintiffs have no adequate remedy at law.

## Relief Requested

Plaintiffs respectfully request:

a. an injunction temporarily, preliminarily and permanently enjoining Defendants, their officers, employees, agents, successors and assigns from continued trademark infringement, false designation of origin, unfair competition, trademark counterfeiting and trade dress infringement;

b. Defendants' profits;

c. Plaintiffs' damages and a trebling of such damages;

d. Statutory damages pursuant to 15 U.S.C. § 1117(c);

e. Punitive damages for Defendant's acts of common law trademark infringement, unfair competition and false designation of origin;

f. The seizure, delivery and destruction of Defendants' imitation tree shaped air fresheners;

g. Plaintiffs' attorney fees because this is an exceptional case;

h. Plaintiffs' costs; and

i. Such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs, Car-Freshner Corporation and Julius Sämann Ltd., herein demand a jury pursuant to Rule 38, Fed. R. Civ. P., as to all issues properly triable before a jury.

Respectfully submitted,

MACKENZIE HUGHES LLP

Dated: October 22, 2002     By: _/s/ Nancy L. Pontius_
RSB/BBD/cam/dlb
Nancy L. Pontius  [NLP 102379]
MACKENZIE HUGHES LLP
101 South Salina Street, Suite 600
P.O. Box 4967
Syracuse, NY  13221-4967
Telephone: (315) 474-7571
Facsimile: (315) 474-6409

Roberta S. Bren [RSB 0559]
Brian B. Darville
OBLON, SPIVAK, McCLLELLAND,
  MAIER & NEUSTADT, P.C.
1755 Jefferson Davis Highway, Fourth Floor
Arlington, Virginia  22202
Telephone: (703) 413-3000
Facsimile: (703) 413-2220

Attorneys for Plaintiffs
Car-Freshner Corporation and
Julius Sämann Ltd.